J-A15018-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| DUANE A. WOLFE AND PATRICIA J. WOLFE | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| KAYLIN J. WILSON AND KYLE R. VANALSTINE | : | No. 1101 WDA 2021 |
| | : | |
| v. | : | |
| | : | |
| COLIN WILSON AND NANCY WILSON | : | |
| | : | |
| APPEAL OF: KAYLIN J. WILSON | : | |

Appeal from the Order Entered August 30, 2021,
in the Court of Common Pleas of Elk County,
Civil Division at No(s): 2019-16.

BEFORE: BOWES, J., KUNSELMAN, J., and SULLIVAN, J.

MEMORANDUM BY KUNSELMAN, J.: **FILED: SEPTEMBER 9, 2022**

Kaylin J. Wilson (Mother) appeals the order issued by the Elk County Court of Common Pleas, which kept primary physical custody of her three-year-old son, J.V. (the Child) with Duane A. Wolfe and Patricia J. Wolfe (Paternal Grandparents).[1] Mother had previously lost custody of the Child in 2018, following her involvement with a local children and youth services

---

[1] Duane Wolfe is the Paternal Step-Grandfather.

agency in Nebraska.  Thereafter, the Elk County Court of Common Pleas awarded sole custody to the Paternal Grandparents. **See** Order of Court, 4/12/19.  This matter involves Mother's request to modify the April 2019 order to obtain primary custody.  The trial court only granted Mother partial physical and shared legal custody. **See** Order of Court, 8/30/21.  On appeal, Mother argues **inter alia** that the trial court erred when it failed to employ the statutory presumption that custody should be awarded to the parent over a nonparent. **See** 23 Pa.C.S.A. § 5327(b).  After review, we remand for further proceedings.[2]

Given our disposition, we abbreviate the factual and procedural history as follows:  The Child was born in January 2018.  The family resided at various times with the Paternal Grandparents and with the Maternal Grandfather and Maternal Step-Grandmother.  In October 2018, the family decided to move to Oregon.  While enroute, in Nebraska, the police pulled them over discovered heroin and methamphetamines.  They arrested the parents, and the local social services agency took custody of the Child.  The juvenile court in Nebraska released the Child to the care of the Paternal Grandparents in December 2018; the trial court in Elk County then awarded Paternal

---

[2] Colin Wilson and Nancy Wilson – the Maternal Grandfather and Maternal Step-Grandmother – (Maternal Grandparents) were parties to the previous action, but they did not seek custody in the instant matter; Maternal Grandfather appeared at the hearing as a witness for Mother.  Kyle R. Vanalstine (Father) originally sought custody modification as well, but he did not appear at the hearing.

Grandparents sole legal and physical custody. *See* Order of Court, 4/12/2019. The April 2019 order specified that both the parents and the Maternal Grandparents may exercise custody, as the Paternal Grandparents agree.

Mother eventually entered drug treatment in Oregon and has remained clean and sober.[3] In February 2020, while in Oregon, Mother and Father petitioned to modify the April 2019 custody order. In September 2020, Mother moved back to Pennsylvania. In January 2021, Mother filed an amended petition, choosing to proceed without Father.

The trial court held a two-day hearing on February 25 and 26, 2021 to adjudicate the parents' petitions. On August 25, 2021 – six months after the custody hearing – the trial court issued an order granting Mother's modification petition, in part. The court awarded Mother legal custody but ordered that it be shared with the Paternal Grandparents. The court awarded Mother physical custody but limited it to partial physical custody – every other weekend, and during the evenings on Tuesday and Thursday.[4] Mother timely filed this appeal.

---

[3] In October 2019, Mother gave birth to another son, the Child's younger sibling. Mother has custody of the sibling, who is not subject to these proceedings.

[4] The August 25 order also denied the parents' original modification petition. In Mother's case, the court denied the original petition as a matter of housekeeping, given that Mother had subsequently filed the amended petition. In Father's case, the court denied the original modification because he failed to appear.

The court then amended the August 25 order by order of August 30, 2021 to correct the caption and to delineate its reasons for the decision.

She presents the following six issues for our review:

1. Did the trial court abuse its discretion in awarding the Paternal Grandparents primary physical custody of the Child based upon what was actually entered into evidence, exhibit and testimony entered of record at a two-day evidentiary hearing?

2. Did the trial court commit an[] error of law when it failed to accurately address the stringent statutory requirements for an award of physical custody to grandparents contained in 23 Pa.C.S.A. § 5324?

3. Did the trial court commit an abuse of discretion and/or error of law by failing to apply 23 Pa.C.S.A. § 5327 regarding presumption in cases concerning primary custody to be awarded to a parent?

4. Did the trial court abuse its discretion through its conclusions and findings contained in its opinion, with the court's findings being based mostly on speculation and conjecture rather than an analysis of the testimony and exhibits presented at trial?

5. Were [Mother's] due process constitutional rights violated pursuant to the Fourteenth Amendment which is designed to protect the rights of parents to care and have custody of their children, when the court failed to recognize the strong preference of the first of fit parents to raise their children as opposed to awarding a third-party primary physical custody of the child, when its basis appeared to be simply that it believed the Paternal Grandparents would make better decisions for the Child?

6. Did the trial court abuse its discretion/commit an error of law when it did not provide a prompt disposition of this case, which is required by law pursuant to Pa.R.C.P. 1915.4(d)?

Mother's Brief at 5-6 (capitalization adjusted).

J-A15018-22

We address these claims in accordance with the relevant the pertinent scope and standard of review:

> In reviewing a custody order, our scope is of the broadest type and our standard is abuse of discretion. We must accept findings of the trial court that are supported by competent evidence of record, as our role does not include making independent factual determinations. In addition, with regard to issues of credibility and weight of the evidence, we must defer to the presiding trial judge who viewed and assessed the witnesses first-hand. However, we are not bound by the trial court's deductions or inferences from its factual findings. Ultimately, the test is whether the trial court's conclusions are unreasonable as shown by the evidence of record. We may reject the conclusions of the trial court only if they involve an error of law, or are unreasonable in light of the sustainable findings of the trial court.

***S.T. V. R.W.***, 912 A.3d 1155, 1160 (Pa. Super. 2018) (citation omitted).

Our discussion begins with Mother's third appellate issue, which the Paternal Grandparents concede is dispositive. Mother argues the trial court erred when in failed to apply Section 5327(b).[5]

---

[5] We note Mother's concise statement of errors complained of on appeal, filed pursuant to Pa.R.A.P. 1925(a)(2)(i) mistakenly referenced Section 53**3**7 ("Relocation") instead of the correct 53**2**7(("Presumption in cases concerning primary physical custody").

Such an error may result in waiver, especially here where the parents' original modification petition implicated relocation under Section 5337. ***See*** Pa.R.A.P. 302(a) ("Issues not raised in the trial court are waived and cannot be raised for the first time on appeal."). Waiver is not appropriate in this case, because the concise statement sufficiently referenced "presumption," thereby making the typographical error obvious. As we discuss, the Paternal Grandparents do not argue waiver, but concede that a remand is necessary to correctly apply Section 5327. For these reasons, we conclude Mother preserved this claim.

- 5 -

Section 5327(b) of the Child Custody Act provides:

> In any action regarding the custody of the child between a parent of the child and a nonparent, there shall be a presumption that custody shall be awarded to the parent. The presumption in favor of the parent may be rebutted by clear and convincing evidence.

23 Pa.C.S.A. § 5327(b).

We have defined "clear and convincing evidence" as evidence "that is so clear, direct, weighty, and convincing so as to enable the trier of fact to come to a clear conviction, without hesitation, of the truth of the precise facts in issue." *M.J.S. v. B.B.*, 172 A.3d 651, 660 (Pa. Super. 2017) (citations omitted).

Here, the trial court did not apply the presumption under Section 5327(b). Instead, the court applied Section 5328(c). In certain cases between parents and grandparents, Section 5328(c)(1) obligates the court to consider three additional factors beyond those mandated by Section 5328(a)(1)-(16). Section 5328(c) was not applicable in this case, because that section only applies to cases where the court awards the grandparent *partial* or *supervised* physical custody. Here, the trial court awarded the Paternal Grandparents primary physical custody. Thus, the court did not have to consider the enumerated factors under Section 5328(c); instead, the court had to apply the statutory presumption under Section 5327(b). The trial court's failure to do so constitutes a reversible error. *M.J.S. v. B.B.*, 172 A.3d 651, 660-61 (Pa. Super. 2017).

Although the Paternal Grandparents maintain that they rebutted the presumption, they recognize the trial court erred by not applying the proper legal analysis. The parties agree on this point, but that is where their agreement ends.

The Paternal Grandparents request that we direct the trial court to supplement the record with additional findings, given that approximately 18 months have elapsed since the custody trial – partly due to the trial court's delay. *See* Paternal Grandparents' Brief at 18. Mother argues we may settle the matter in this appeal. First, she claims the record sufficiently supports her request for primary custody. She further claims the trial court the trial court relied upon facts not in evidence. Given this, and the fact that the court failed to apply the correct presumption, Mother reasons that ***this Court*** should enter an order awarding primary physical custody to Mother. *See* Mother's Brief at 39.

Mother misunderstands our role. We are an error-correcting court; we do not make independent factual findings or reweigh the evidence. ***S.T.***, 912 A.3d at 1160. We must defer to the presiding trial judge who viewed and assessed the witnesses first-hand. ***Id.*** "It is within the ***trial court's purview*** as the finder of fact to determine which factors are most salient and critical in each particular case." ***M.J.M. v. M.L.G.***, 63 A.3d 331, 339 (Pa. Super. 2013) (citation omitted) (emphasis added). The question of whether nonparents rebutted the statutory presumption in favor a parent must be resolved by the trial court, which is the ultimate arbiter of fact. ***M.J.S.***, 172 A.3d at 661.

For these reasons, we agree with the Paternal Grandparents' recommended disposition. We remand for the trial court to supplement its findings and determine whether the Paternal Grandparents overcame the statutory presumption in favor of Mother. Upon a request from either party, or upon its own motion, the trial court may conduct further proceedings to make additional findings about what has transpired since the February 2021 custody hearing. We relinquish jurisdiction to ensure the same. We do not address Mother's contention that the trial court relied upon facts not in evidence, but we remind the court that the Paternal Grandparents must present clear and convincing evidence to rebut the presumption in favor of Mother. ***See id.***

Next, we briefly address the parties' dissatisfaction with the trial court's delay in rendering a decision. Our Rules of Procedure mandate that a judge's decision **shall** be entered within 15 days of the trial's conclusion. Pa.R.C.P. 1915.4(d) ("Prompt Disposition of Custody Cases."). Rule 1915.4(d) allows the court to extend that deadline, if an order is entered showing good cause; but under no circumstances shall the extension delay the decision for more than 45 days. ***Id.***

Here, the trial court did not enter decision within 15 days, nor did the court enter an order extending that deadline to 45 days upon a showing of good cause. By our count, 180 days elapsed from the conclusion of the trial until the court's ultimate decision. The trial judge explained that the delay was caused by the extensive backlog created by the COVID-19 pandemic and

subsequent judicial emergency; and that prompt adjudication of the backlog was exacerbated by the trial judge's duties to both Elk and Cameron Counties. *See* Amended Order of Court, 8/30/21, at 1 n.1.  We are sympathetic that this predicament was not of the court's own making, but we remind the court of its duties under our Rules of Procedure. *See* Rule 1915.4(d); *see also In re T.S.M.*, 71 A.3d 251, 269 (Pa. 2013) (observing that "courts must keep the ticking clock of childhood ever in mind[;] [c]hildren are young for a scant number of years[.]").

In sum, we agree with the parties the trial court erred when it failed to apply the proper statutory presumption under Section 5327(b).  A remand is necessary to allow to supplement its findings.  Given the prolonged delay, we relinquish jurisdiction to allow the court to conduct further proceedings as it deems necessary.

As a final matter, we explain our precise disposition.  Typically, when an error of law necessitates a remand, we vacate the offending order.  Here, vacating the August 2021 order means that the April 2019 order would govern the parties' rights and responsibilities.  Under the April 2019 order, Mother had no legal custody, nor physical custody beyond what the Paternal Grandparents allowed.  We presume neither Mother, nor the trial court, desires this result.  Thus, without commenting on its propriety, we convert[6]

---

[6] Pursuant to 42 Pa.C.S.A. § 706: "An appellate court may affirm, modify, vacate, set aside or reverse any order brought before it for review, and may

the August 30, 2021 order to an interim order pending further proceedings consistent with this decision.[7]

Case remanded. Order converted to temporary order. Jurisdiction relinquished.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/9/2022

---

remand the matter and direct the entry of such appropriate order, or require such further proceedings to be had as may be just under the circumstances.

[7] Alternatively, the trial court may fashion an entirely different interim order, pursuant to Pa.R.C.P. 1915.13 ("Special Relief").

- 10 -